UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ANWAR PEACE, | | |
| | Plaintiff, | No. C04-2114Z |
| v. | | |
| RICHARD G. KERLIKOWSKE, Chief of the Seattle Police Department, individually and in his official capacity, LEO E. POORT, Seattle Police Department Legal Advisor, individually and in his official capacity, THE SEATTLE POLICE DEPARTMENT, and THE CITY OF SEATTLE, | | ORDER |
| | Defendants. | |

## INTRODUCTION

This case comes before the Court on the Defendants' motion to dismiss, docket no. 9, and Plaintiff's motion for partial summary judgment, docket no. 13. The Court, having considered the briefs in support of and in opposition to the motions, as well as supplemental briefs ordered by the Court and submitted by both parties, docket nos. 22 and 23, hereby GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion for partial summary judgment.

## BACKGROUND

The Plaintiff, Anwar El Peace, is a local activist and directs his activities in part at the Seattle Police Department. On August 21, 2003, Defendant Leo Poort, legal advisor to the

ORDER  -1-

Seattle Police Department, petitioned for and obtained an ex parte temporary anti-harassment protection order on behalf of Seattle Police Chief Richard G. Kerlikowske in King County District Court prohibiting the Plaintiff from coming within 1000 feet of the Seattle Police Headquarters or Mr. Kerlikowske's home.  Poort Decl., docket no. 17, ¶¶ 1-2; Crittenden Decl., docket no. 11, Exs. A and B.  According to Wash. Rev. Code § 10.14.080, a temporary anti-harassment protection order expires no later than 14 days after issuance.  A full hearing must be held within fourteen days of issuance to determine if the temporary order should be made effective for one year or more.  Wash. Rev. Code § 10.14.080.  The King County District Court held a hearing on September 26, 2003, and issued a permanent anti-harassment protection order prohibiting the Plaintiff from entering or being within 500 feet of Mr. Kerlikowske's place of residence or place of work.  Crittenden Decl., Ex. D.  This order expired one year from its date of issuance, on September 26, 2004.  Id.

Mr. Peace appealed the anti-harassment protection order to the King County Superior Court.  Id., ¶ 6.  The King County Superior Court affirmed the issuance of the anti-harassment protection order on June 11, 2004.  Id., Ex. E.  On or about July 21, 2004, Mr. Peace appealed the King County Superior Court's decision to the Washington State Court of Appeals.  Id. ¶ 6.  On August 26, 2004, the Commissioner of the Court of Appeals denied discretionary review.  Id., Ex. F.  One reason the Commissioner cited for the denial was that the order was to expire on September 26, 2004, only a few weeks away, and the issues to be addressed would be moot.  Id., Ex. F, at 9-10.

According to Washington Rules of Appellate Procedure 17.7 and 18.6(a), Mr. Peace had until September 27, 2004, to file a motion to modify the Commissioner's ruling.  Under Wash. Rev. Code § 10.14.080(5), Mr. Poort, Mr. Kerlikowske, the Seattle Police Department and the City of Seattle (collectively "Defendants"), had until Friday, September 24, 2004, to file a timely petition for renewal of the anti-harassment protection order.  According to Plaintiff's counsel, had Defendants filed a timely petition for renewal of the anti-harassment

ORDER   -2-

1 protection order, Mr. Peace would have filed a motion to modify the Commissioner's ruling.
2 Id. The Defendants did not file a petition for renewal and thus Mr. Peace did not file a
3 motion to modify the Commissioner's ruling. Poort Decl., ¶ 4; Crittenden Decl., ¶ 11. The
4 anti-harassment protection order expired on September 26, 2004. Crittenden Decl., Ex. D.

5 On September 28, 2004, Mr. Poort sought a new ex parte anti-harassment protection
6 order pursuant to Wash. Rev. Code § 10.14.080 in King County District Court.[1] Poort Decl.,
7 ¶ 7; Crittenden Decl., Ex. H. Mr. Poort did not provide notice to Mr. Peace or his attorneys
8 of his intent to seek a new order. Poort Decl., ¶ 8. This application was in part based on
9 allegations that Mr. Peace had violated the terms of the protective order on July 30, 2004, by
10 coming within 30 feet of Mr. Kerlikowske during Seattle's annual torchlight parade.
11 Crittenden Decl., Ex. H. In the ex parte proceeding, the district court continued the existing
12 order until October 12, 2004, and did not issue a new order as Mr. Poort had requested. Id.,
13 Ex. I (Transcript of Proceedings at 3-5). On October 1, 2004, Mr. Peace was served with
14 notice of the continuation of the order and of a hearing to be held on October 12, 2004. Id.,
15 ¶ 18, Exs. K & L.

16 The Defendants do not present any evidence of any emergency or exigent
17 circumstances. Wash. Rev. Code § 10.14.080, which provides for the issuance of ex parte
18 anti-harassment protection orders, does not require a showing of exigent circumstances. The
19 statute does require a showing of, "reasonable proof of unlawful harassment of the petitioner
20 by the respondent and that great or irreparable harm will result to the petitioner if the
21 temporary anti-harassment protection order is not granted." Wash. Rev. Code
22 § 10.14.080(1). Such temporary orders expire fourteen days after issuance and the statute
23 provides that, "[a] full hearing . . . shall be set for not later than fourteen days from the

---

[1] There is some debate as to Mr. Poort's subjective intent. Defs.' Response, docket no. 15, at 3, 4. The Court finds that Mr. Poort's subjective intent is immaterial. Mr. Poort's subjective intent does not affect whether the petition for a temporary anti-harassment protection order in the absence of exigent circumstances violated Mr. Peace's constitutional rights.

ORDER  -3-

issuance of the temporary order . . . ." Wash. Rev. Code § 10.14.080(2).

Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), docket no. 9, and Plaintiff moves for partial summary judgment, docket no. 13. There are no material issues of fact presented in connection with these cross motions. The substance of Plaintiff's complaint is that by obtaining an ex parte temporary anti-harassment protection order absent exigent circumstances on September 28, 2004, the Defendants violated his right to procedural due process under the Fourteenth Amendment. The Plaintiff and Defendants agree that the Plaintiff's complaint does not allege a violation of his First Amendment rights.

## DISCUSSION

### I. Standard of Review

The Court has considered materials outside of the pleadings on both the Defendants' motion to dismiss as well as the Plaintiff's motion for partial summary judgment. In the interest of judicial economy and in accordance with Fed. R. Civ. P. 12(b), the Court considers both motions under the summary judgment standard. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court concludes that the central question in this case is a legal one: whether Defendants violated Mr. Peace's Fourteenth Amendment right to procedural due process by obtaining an ex parte temporary anti-harassment protection order in the absence of exigent circumstances.

### II. Section 1983 Claims against the City of Seattle and Individual Defendants

42 U.S.C. § 1983 ("Section 1983") creates a remedy for individuals who have had their constitutional rights violated by a person acting under the color of law. It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

ORDER   -4-

42 U.S.C. § 1983.  Mr. Peace alleges that Mr. Poort, acting on behalf of the other Defendants, violated his civil rights by obtaining an ex parte temporary anti-harassment protection order against him without notifying him of the hearing and absent exigent circumstances.  See Complaint, docket no. 1, at ¶ 4.1.[2]  Mr. Peace argues that due process requires a pre-deprivation hearing before the issuance of the temporary anti-harassment protection order.  Plaintiff's Motion, docket no. 13, at 11-13.  In order to succeed on his Section 1983 claim Mr. Peace must prove that (1) one or more of his constitutional rights were violated (2) by an individual acting under the color of law.  Johnson v. Hawe, 388 F.3d 676, 681 (9th Cir. 2004) (internal citations omitted).

### 1.     **Deprivation of Mr. Peace's Constitutional Rights**

To make out a claim under the Due Process Clause of the Fourteenth Amendment, the Plaintiff must show: (1) a deprivation of a constitutionally protected liberty or property interest; and (2) a denial of adequate procedural protections.  Hufford v. McEnaney, 249 F.3d 1142, 1150 (9th Cir. 2001).  "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'"  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999).  The question before the Court is whether the Defendants violated Mr. Peace's Fourteenth Amendment right to procedural due process by obtaining an ex parte temporary anti-harassment protection order in the absence of an emergency or exigent circumstances.  The Defendants argue that the post-deprivation hearing provided by Wash. Rev. Code § 10.14.080, which must be held within fourteen days of the issuance of the order, satisfies the due process clause.  The

---

[2] The Court notes that the Plaintiff's implicit claim that Mr. Poort committed attorney misconduct by failing to notify Plaintiff's counsel of his petition for a new protection order when he was aware that Plaintiff is represented may have merit.  See Pl.'s Response, docket no. 17, 6-9.  However, these concerns do not rise to the level of a constitutional due process claim; therefore the Court does not address them in this order.

ORDER   -5-

Plaintiff argues that a pre-deprivation hearing is required.[3]

To determine what process is due when the government, or a private actor employing government processes, deprives an individual of a liberty interest, the Court employs a balancing test articulated by the United States Supreme Court in <u>Matthews v. Eldridge</u>, 424 U.S. 319, 335 (1976); <u>see</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 127 (1990). Using this test the Court must weigh the following factors to determine what procedural protections the Constitution requires:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

<u>Matthews</u>, 424 U.S. at 335. This balancing test must be implemented on a case-by-case basis and whether due process has been achieved is often wholly dependent on the facts of a particular case. Neither party has presented the Court with on-point precedent that addresses the procedural due process required when a temporary protection order is issued. Therefore,

---

[3] The Plaintiff also argues that Wash. Rev. Code § 10.14.080 is unconstitutional to the extent that it allows for a temporary anti-harassment protection order to be granted ex parte absent exigent circumstances. Pl.'s Response, at 13-14. However, 28 U.S.C. § 2403(b) provides that if the constitutionality of any State statute affecting the public interest is drawn into question in a case in federal court, the district court must certify such fact to the attorney general of the State and permit that State to intervene in the presentation of evidence, if evidence is otherwise admissible, and intervene in the argument on the question of constitutionality. 28 U.S.C. § 2403; see <u>Fordyce v. City of Seattle</u>, 55 F.3d 436, 442 (9th Cir. 1995) (finding that the district court abused its discretion by sua sponte granting the plaintiff declaratory relief without granting the State attorney general an adequate opportunity to be heard). Therefore, the Court cannot make a determination as to the constitutionality of Wash. Rev. Code § 10.14.080 without first certifying the fact of the question to the Washington State Attorney General. In his supplemental brief, the Plaintiff argues that the Court need not decide the constitutionality of Wash. Rev. Code § 10.14.080 on its face to find in the Plaintiff's favor. Plaintiff's Supp. Brief, docket no. 23, pp. 5-6. Plaintiff acknowledges, however, that the constitutionality of the statute may be at issue and does not object to the participation of the Attorney General. The Court finds that Mr. Peace's constitutional rights were not violated by the statute as applied to him. The Court does not reach the question of the constitutionality of Wash. Rev. Code § 10.14.080, therefore it has not certified the question of its constitutionality to the Washington State Attorney General.

to determine what process is due Mr. Peace, the Court compares the issuance of a temporary anti-harassment protection order with other deprivations when the United States Supreme Court both has, and has not, required a pre-deprivation hearing.[4]

Many deprivations of property or liberty interests require a pre-deprivation evidentiary hearing absent exigent circumstances. Deprivations which the Supreme Court has determined require such a hearing include the pre-judgment garnishment of wages, Sniadach v. Family Finance Corp., 395 U.S. 337, 342 (1969), the discontinuation of basic welfare benefits, Goldberg v. Kelly, 397 U.S. 254, 263-66 (1970), and the seizure of real property allegedly the subject of forfeiture proceedings, United States v. James Daniel Good Real Property, 510 U.S. 43, 62 (1993). In Bell v. Burson, the Supreme Court overturned a Georgia statute requiring an uninsured motorist to post a bond following an accident or have his motor vehicle registration and driver's license suspended. 402 U.S. 535 (1971). The pre-deprivation administrative hearing did not permit the consideration of the driver's fault. Id. at 536. The Court found that this deprivation could severely impact the livelihood of the driver, and thus a pre-deprivation hearing must be provided wherein it would be determined that there is a reasonable possibility of a judgment being rendered against the driver as a result of the accident. Id. at 542-43. Additionally, the revocation of parole must be preceded by two pre-deprivation inquiries, one just after arrest and one before the decision to revoke parole is made final. Morrissey v. Brewer, 408 U.S. 471, 484-89 (1972). The Supreme Court has stated that the liberty interest implicated in Morrissey is the "elemental freedom from external restraint." Arnett v. Kennedy, 416 U.S. 134, 156 (1974) (citing Morrisey, 408

---

[4] The Plaintiff relies upon Armendariz v. Penman, 31 F.3d 860 (9th Cir. 1994), as analogous precedent. Plaintiff's reliance is misplaced. In Armendariz, the Plaintiffs alleged that Defendants invoked the City of San Bernardino's emergency procedures for closing certain apartments without notice when they knew that no emergency existed. Id. at 865. In this case, no exigent circumstances are required under Wash. Rev. Code § 10.14.080 to obtain an ex parte temporary anti-harassment restraining order. In Armendariz, Plaintiffs' property interests were clearly affected. In contrast, neither Mr. Peace's livelihood nor his property interests were implicated by the issuance of the protection order in the present case.

ORDER  -7-

U.S. 471 (1972)).

However, a pre-deprivation hearing is not always required. For instance, no pre-deprivation evidentiary hearing is required before the termination of government employment, Arnett v. Kennedy, 416 U.S. 134, 163 (1974), or the termination of social security disability payments, Matthews v. Eldridge, 424 U.S. 319, 349 (1976). In Mackey v. Montrym, 443 U.S. 1 (1979), the Supreme Court upheld a Massachusetts statute mandating the 90-day suspension of the driver's license of any driver who refused to take a breath analysis test. The Supreme Court found that the liberty interest implicated was great, due to the potential for personal inconvenience and economic hardship. However, the Supreme Court also found that the availability of an on-demand post-deprivation evidentiary hearing, along with the State's strong interest in preventing drunk driving, made a post-deprivation hearing adequate. Id. at 11-19.

Turning to the facts of the case before the Court, the first factor to be considered in the Matthews v. Eldridge balancing test is the private interest implicated by the State action. 424 U.S. at 335. Under the terms of the temporary anti-harassment protection order, Mr. Peace was prohibited from coming within 500 feet of Mr. Kerlikowske's home or Seattle Police Headquarters for a maximum of fourteen days. Mr. Peace does not contend that his ability to make a living, his basic needs, or his property interests were compromised by the issuance of this order. Plaintiff has not alleged a violation of his First Amendment rights.[5]

---

[5] The Plaintiff relies on Carroll v. President and Comm'rs of Princess Anne, 393 U.S. 175 (1968), as helpful precedent. In a January 13, 2005 Minute Order the Court ordered additional briefing on the effect of Carroll on this case. In Carroll, a white supremacist organization wished to hold a rally. County and City officials applied for and obtained, ex parte, a restraining order from the Circuit Court for Somerset County preventing the rally. The issuance of the restraining order was upheld by the Maryland Court of Appeals, but overturned by the United States Supreme Court. Id. at 180. The Supreme Court held that the issuance of the protective order ex parte violated the Petitioner's rights under the First Amendment. Id. The Court finds that Carroll is distinguishable from the case at bar for several reasons. First, in Carroll, the petitioners alleged that the restraining order violated their First Amendment rights, while in this case Plaintiff has stated that he is not pursuing a claim for violation of his First Amendment rights. Second, the Maryland Rule authorizing the temporary restraining order in Carroll is not analogous to Wash. Rev. Code § 10.14.080. The temporary restraining order at issue in Carroll

ORDER  -8-

1  Mr. Peace's inability to come within 500 feet of Mr. Kerlikowske's home or the Seattle
2  Police Headquarters is less severe than deprivations for which the Supreme Court has *not*
3  required a pre-deprivation hearing, such as the revocation of a driver's license in <u>Mackey v.</u>
4  <u>Montrym</u>, 443 U.S. 1 (1979), or the loss of social security disability payments in <u>Matthews</u>
5  <u>v. Eldridge</u>, 424 U.S. 319 (1976).  Further, Wash. Rev. Code § 10.14.080 provides that the
6  temporary anti-harassment protection order expires no more than fourteen days from the date
7  of issuance and that a full hearing must be held within these first fourteen days.  Further,
8  there is no evidence of any danger of permanent damage to Mr. Peace's economic
9  circumstances or property rights.  Given the mildness of the deprivation combined with its
10 temporary nature, the Court concludes that the deprivation in this case is minor.

11        The second factor to be considered is the risk of an erroneous deprivation of such
12 interest through the procedures used, and the probable value, if any, of additional or
13 substitute procedural safeguards.  <u>Matthews</u>, 424 U.S. at 335.  The procedure for obtaining
14 an ex parte temporary anti-harassment protection order is to petition the State district court
15 for the desired order.  Wash. Rev. Code § 10.14.080.  The order may then be granted "upon
16 the filing of an affidavit which, to the satisfaction of the court, shows reasonable proof of
17 unlawful harassment of the petitioner by the respondent and that great or irreparable harm
18 will result to the petitioner if the . . . order is not granted."  <u>Id.</u>  While the required affidavit
19 does provide limited protection against an erroneous deprivation, the fact that the procedure
20 is ex parte could lead to an erroneous deprivation.  A pre-deprivation hearing might prevent
21 any such erroneous deprivation.  However, the deprivation at issue only lasts for fourteen

---

23/24/25/26  was issued under Maryland's Rule of Procedure BB72, which was later rescinded and substantively incorporated in the current Maryland Rule 15-504.  Maryland Rule 15-504 is patterned after Fed. R. Civ. P. 65(b) and is nearly identical in both substance and intent to Washington Civil Rule 65, which governs the issuance of injunctions.  In contrast, the temporary anti-harassment order in this case was issued pursuant to Wash. Rev. Code § 10.14.080, which governs the issuance of protection orders where a person's privacy has been repeatedly invaded.  In <u>Carroll</u>, the Supreme Court was not confronting a situation, as in this case, in which an individual's privacy and safety were allegedly invaded.

ORDER  -9-

days and only involves the Plaintiff's ability to come within 500 feet of Mr. Kerlikowske's home or the Seattle Police Headquarters.

Finally, the third factor to be considered is the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Matthews, 424 U.S. at 335. As stated in the legislative intent section of the statute, the legislature determined that serious, personal harassment through repeated invasions of a person's privacy is increasing and that this legislation is intended to provide the victims with a speedy and inexpensive method of preventing such harassment. Wash. Rev. Code § 10.14.010. Thus, the government's interest in this case is protecting Mr. Kerlikowske's safety and welfare. As the petitioner presented evidence that Mr. Peace had violated the previous anti-harassment protective order, the government's interest was significant. As the State provides a full evidentiary hearing fourteen days after the temporary order is issued, the fiscal and administrative burdens of a pre-deprivation hearing are evidently not prohibitive. However, in circumstances involving invasions of personal privacy, particularly where there is evidence that the respondent violated a prior protective order, the need for speedy protection may conflict with the provision of a full pre-deprivation evidentiary hearing. The provision of such a hearing may undermine the ability of the State to fulfill the statute's legislative intent of providing speedy protection to the individual subject to the alleged unlawful harassment.

Weighing the three factors of the Matthews v. Eldridge balancing test, as applied to Mr. Peace, the process the Defendants engaged in was sufficient.[6] The liberty interest involved is not of such significance that a pre-deprivation hearing was necessary in this case.

---

[6] The Court finds that the procedures contained in Wash. Rev. Code § 10.14.080 are constitutional as applied to Mr. Peace in this particular case. Therefore, it need not reach the Plaintiff's argument that the statute is unconstitutional on its face. Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering, P.C., 467 U.S. 138, 157-58 (1984) (noting that it is a fundamental rule of judicial restraint that federal courts will not reach constitutional questions in advance of the necessity of deciding them).

ORDER  -10-

Additionally, Mr. Peace's right to go within 500 feet of the Seattle Police Headquarters and Mr. Kerlikowske's home was impaired by the temporary order for a maximum of fourteen days before a full hearing was required. While a pre-deprivation evidentiary hearing is not a severe burden on the State, the nature of the State's interest is such that providing a pre-deprivation evidentiary hearing may rob it of its efficacy. As the Court finds that Mr. Peace's constitutional rights were not violated by the Defendants' actions in obtaining an ex parte temporary restraining order absent exigent circumstances, it need not reach the question of whether Mr. Poort was acting under the color of law. Therefore, the Court GRANTS the Defendants' motion to dismiss and DENIES the Plaintiff's motion for partial summary judgment as there are no disputes of material fact, the Defendants did not violate the Plaintiff's constitutional rights by obtaining an ex parte temporary anti-harassment protection order absent exigent circumstances, and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendants' motion to dismiss, docket no. 9, and DENIES the Plaintiff's motion for partial summary judgment, docket no. 13.

IT IS SO ORDERED.

DATED this 11th day of April, 2005.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER   -11-